IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK LAKEITH BROWN, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-09-2258 |
| | : | |
| v. | : | |
| | : | |
| | : | (Judge Vanaskie) |
| WARDEN B.A. BLEDSOE, et al., | : | |
| | : | |
| | : | |
| Respondents. | : | |

MEMORANDUM

Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1] Named as Respondents are USP-Lewisburg Warden B. A. Bledsoe, the United States of America, President Barack Obama, Attorney General Eric Holder, Director Harley Lappin of the Federal Bureau of Prisons (BOP), and the

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Designation and Sentence Computation Center (DSCC).[2]  Brown will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this action.

Brown states that he is presently serving a 387-month term of incarceration imposed by the United States District Court for the Western District of Tennessee on March 6, 2008.  (Dkt. Entry # 1, ¶ 2.)  The Petition indicates that Brown's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit on June 19, 2009.  (Id. at ¶ 3(a).)  On October 5, 2009, his petition for certiorari was denied by the United States Supreme Court.  (Id. at (b).)

Petitioner claims entitlement to federal habeas corpus relief on the basis that he was "unlawfully and illegally indicted, arrested, prosecuted, convicted and sentenced" in violation of his constitutional rights.  (Id. at ¶ 6, GROUND ONE.)  His initial argument is that the underlying indictment on a firearms offense "did not charge a cognizable federal offense by specific statute."  (Id. at (a).)  Brown's second argument similarly contends that his conviction was unconstitutional because it was premised on "an ambiguous charging instrument."  (Id. at GROUND TWO.)  The Petition adds that Brown's rights under the Fifth and Sixth Amendments

---

[2] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official.  See 28 U.S.C. § 2242.  Since Warden Bledsoe is Petitioner's custodial official for purposes of § 2242, he will be deemed the sole Respondent.

were similarly violated. Finally, Petitioner states that he has not sought relief by way of a motion under 28 U.S.C. § 2255.[3] (Id. at ¶ 7.)

Discussion

Section 2241 petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (the Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.). Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Brown recently filed a § 2241 petition with this Court which likewise challenged the legality of his conviction in the Western District of Tennessee. By Memorandum and Order

---

[3] It is noted that the Sixth Circuit Court of Appeals in summarily affirming Brown's conviction and sentence noted that "Brown has become a prolific filer of frivolous pro se motions and pleadings in federal courts," raising such patently meritless issues "as the district court's lack of 'federal criminal jurisdiction' over him and the 'invalidity' of Title 18 of the United States Code." See United States v. Brown, No. 2:06-CR-20180 Dkt. Entry # 177 at 6. The habeas petition filed in this matter as well as a prior § 2241 petition he filed with this Court advance similar arguments.

dated November 10, 2009, Petitioner's earlier habeas action was dismissed on the basis that his claims did not fall within the narrow exception to the general rule that a motion pursuant to 28 U.S.C. § 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  Brown v. Bledsoe, et al., Civil No. 3:CV-09-1436. Dkt. Entry # 7 at 5.  It is clear that the instant petition for writ of habeas corpus is raising arguments similar to those previously presented to this Court under No. 3:CV-09-1436. Indeed, Petitioner's latest habeas corpus petition does not raise any contentions which were not included in his recent unsuccessful § 2241 action.

Brown again argues that he is entitled to bring his present repetitive claims via a § 2241 petition because he is alleging actual innocence.  As previously noted by this Court, a federal prisoner challenging the validity of a federal conviction, and not the execution of his sentence, is generally limited to seeking relief by way of a motion pursuant to § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")

Relief is only available under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47. (the safety valve "is extremely

narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner's claim that actual innocence authorizes this Court to consider his habeas corpus petition is not compelling. There is no contention that Brown's conduct is no longer criminal as a result of some change in the law. Nor has he shown that he is unable to present his claims in a § 2255 proceeding. For a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008). As recently noted in this Court's November 10,

2009 Memorandum and Order, Brown's allegations of being subjected to an improper indictment do not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  See Levan v. Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).

Clearly, § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, therefore, Brown's § 2241 petition will be dismissed for lack of jurisdiction.  An appropriate Order follows.[4]

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge

---

[4] Since this Court previously determined that Brown cannot seek § 2241 relief with respect to his improper indictment related arguments in this Court, it is also apparent that Petitioner's pending action is subject to dismissal as a successive petition  under 28 U.S.C. § 2244(a) and/ or as an abuse of the writ.  See generally, Graham v. Warden, FCI-Allenwood, 2009 WL 3262010 *1 (3d Cir. Oct. 13, 2009).

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN,  :
    Petitioner  :  CIVIL NO. 3:CV-09-2258
      :
  v.  :
      :  (Judge Vanaskie)
WARDEN B.A. BLEDSOE, et al.,  :
    Respondents  :

## ORDER

NOW, THIS 23rd DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of the filing of this action.

2. The Petition for Writ of Habeas Corpus is DISMISSED.

3. The Clerk of Court shall mark this matter CLOSED.

                                         s/ Thomas I. Vanaskie
                                         Thomas I. Vanaskie
                                         United States District Judge